# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2796
_____

United States of America

*Plaintiff - Appellee*

v.

Herbert G. Green

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: January 4, 2022
Filed: July 1, 2022

_____

Before SMITH, Chief Judge, SHEPHERD and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

This case is before our court for a second time. Herbert Green previously appealed the denial of his motion to suppress drugs and firearms discovered in his apartment during a law enforcement search outside the scope of the police's warrant. *See United States v. Green*, 9 F.4th 682, 691–93 (8th Cir. 2021) (holding law enforcement's protective sweep of Green's apartment violated the Constitution). We remanded the case to the district court to make factual findings necessary to

determine whether the independent source doctrine supported denial of Green's motion to suppress. *Id.* at 694. After additional briefing and an evidentiary hearing, the district court[1] found law enforcement would have requested and obtained a federal warrant to search the apartment notwithstanding the protective sweep. Based on this finding, we hold that the independent source doctrine justified the district court's denial of suppression.

## I. Analysis

"The independent source doctrine allows admission of evidence initially discovered during, or as a consequence of, an unlawful search, but later obtained independently from activities untainted by the initial illegality." *Green*, 9 F.4th at 693) (internal quotation marks omitted) (quoting *United States v. Anguiano*, 934 F.3d 871, 874 (8th Cir. 2019)). To prevail under the independent source doctrine, the government must show that: (1) law enforcement would have sought a warrant to seize the evidence even if the unlawful search never occurred, and (2) probable cause supported the warrant after excluding all information obtained by the unlawful search. *Id.*; *accord United States v. Swope*, 542 F.3d 609, 613–14 (8th Cir. 2008). We review the district court's factual finding on the first question for clear error. *See Anguiano*, 934 F.3d at 874. "We will find clear error only when we are left 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Williams*, 605 F.3d 556, 570 (8th Cir. 2010) (quoting *United States v. Lalley*, 257 F.3d 751, 758 (8th Cir. 2001)). We review the district court's legal conclusion on the second question de novo. *See Anguiano*, 934 F.3d at 874.

First, we hold the district court's finding on the issue of whether police would have sought a warrant is not clearly erroneous. The district court found that "even if the unlawful protective sweep had not occurred, police would have nevertheless sought the federal warrant for Green's apartment." The record contains ample

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

evidence to support the district court's finding. A drug-sniffing dog had alerted law enforcement that a package sent to Green's address may have contained illegal drugs. When law enforcement made a controlled delivery of the package, officers observed Green arrive, inform someone by phone that the package had come, and place the package inside his apartment. Law enforcement arrested Green when he exited his apartment. Immediately before they began the unlawful protective sweep, officers seized the package pursuant to a state warrant. They opened the package and found it contained more than twenty-four pounds of marijuana. Law enforcement also searched Green's phone and found photographs of multiple firearms and of Green with large amounts of currency. Further, officers performed a criminal history check which revealed Green was a convicted felon. In light of this information, Sergeant Gentry, who supervised the controlled delivery, testified he would have sought a federal search warrant based on the "large amount of marijuana" discovered in the package and the "felon-in-possession-type situation." The district court's decision to believe Sergeant Gentry was not clearly erroneous.

Moving on to the second question in the independent source analysis, we conclude probable cause supported the warrant independent of any tainted information gathered during the search of Green's apartment. "Probable cause exists, when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Keck*, 2 F.4th 1085, 1089 (8th Cir. 2021) (quoting *United States v. Murillo-Salgado*, 854 F.3d 407, 418 (8th Cir. 2017)). Here, there was a fair probability additional contraband or evidence of a crime would be found in Green's apartment considering the large amount of marijuana delivered to Green's apartment, Green's acknowledgement of the package and placement of it inside the apartment, the photographs of Green with firearms and large amounts of currency,[2] and Green's criminal history. Thus, probable cause supported a warrant

---

[2]Green contends the photographs of firearms and currency from his phone were tainted evidence because law enforcement purportedly coerced him to consent to the search of his phone leading to the discovery of these photographs. Assuming

to search the apartment even without the tainted information obtained via the protective sweep.

## II. Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

_____

Green has not waived this argument, we find no evidence in the record supporting Green's claim that his consent was coerced.