# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1824
_____

United States of America,

*Plaintiff Appellee*,

v.

Jessica Lyn Mathes,

*Defendant Appellant*.
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: November 18, 2022
Filed: January 26, 2023
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Jessica Mathes pleaded guilty to possession with intent to distribute methamphetamine. On appeal, Mathes challenges an order of the district court[*]

_____

[*]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

denying her motion to suppress evidence obtained during a traffic stop. We conclude there was no error, and affirm the order.

This case began with a traffic stop near West Memphis, Arkansas. In February 2020, Detective Jamie Counce, a narcotics officer with the West Memphis Police Department, stopped a truck for careless driving and improper display of a license plate, in violation of Arkansas law. *See* Ark. Code Ann. §§ 27-51-104(a), -14-716(b).

After initiating the stop, Counce approached the truck and identified the driver, Clinton Humes, who was shaking and acting nervously. Counce also identified two passengers: Juston Ashburn, sitting in the back seat, and Mathes, sitting in the front passenger seat. Counce then contacted a police dispatcher to obtain background information on the occupants and the truck.

While waiting for information from the dispatcher, Counce asked the occupants if they had ever been arrested. Ashburn and Mathes both responded that they had been arrested for drugs. Shortly thereafter, the dispatcher notified Counce that Ashburn was on "active supervision probation," but did not relay any information about Mathes or Humes.

Counce asked Humes to step out of the truck and follow him to the back of the vehicle. He asked Humes where the truck was heading. Humes responded that Mathes had just picked him up from work, and that they were heading back to St. Francis County. Counce then obtained Humes's consent to search the truck and asked the passengers to exit the vehicle.

Counce searched Ashburn, found methamphetamine in his undergarment, and arrested him. Counce next searched the truck and found a digital scale inside the console between the front seats. The scale was covered in a white powder residue, which Counce believed was methamphetamine. Counce arrested both Mathes and

-2-

Humes for possession of drug paraphernalia. A female officer searched Mathes and found small bags of methamphetamine in Mathes's bra and pants.

Officers transported the three arrestees to the police department. There, Mathes admitted to owning the scale found in the console and the methamphetamine found on her person. She also confessed to selling methamphetamine.

A grand jury charged Mathes with one count of possession with intent to distribute methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B). Mathes moved to suppress all evidence and testimony related to her arrest based on alleged violations of the Fourth Amendment right against unreasonable search and seizure. The district court denied the motion, and Mathes entered a conditional guilty plea that reserved her right to appeal the denial of the motion to suppress. *See* Fed. R. Crim. P. 11(a)(2).

Mathes first argues that Counce unlawfully prolonged the traffic stop in violation of the Fourth Amendment. An officer's authority for a traffic stop "ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). During a stop, officers may complete "routine tasks," such as "running a computerized check of the vehicle's registration and insurance; running a similar check of the occupants' identification documents and criminal histories . . . and asking the occupants about their destination, route, and purpose." *United States v. Cox*, 992 F.3d 706, 710 (8th Cir. 2021) (internal quotation omitted).

Mathes contends Counce extended the stop by asking questions about the destination and arrest histories of the vehicle's occupants, and by requesting consent from Humes to search the truck. These questions, however, did not impermissibly extend the length of the stop. Inquiries about travel destination that are reasonably related to the purpose of the traffic stop are permissible. Counce asked about arrest

histories while waiting for routine information from the dispatcher, so the questions did not extend the duration of the detention. As long as the stop is not unreasonably extended, the Fourth Amendment does not preclude officers from asking questions unrelated to the traffic stop. *United States v. Jones*, 269 F.3d 919, 924-25 (8th Cir. 2001). Counce's request for permission to search required only a couple of seconds while Humes was standing at the rear of the vehicle. That inquiry did not extend the stop beyond the time that would have been required for Humes to return to the driver's seat. The officer thus did not unreasonably prolong the traffic stop.

Mathes also maintains that Counce lacked probable cause to arrest her for possession of drug paraphernalia. Under the Fourth Amendment, "[a]n officer has probable cause to make a warrantless arrest when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *United States v. Torres–Lona*, 491 F.3d 750, 755 (8th Cir. 2007). We consider the totality of the circumstances known to the officers at the time of arrest. *District of Columbia v. Wesby*, 138 S. Ct. 577, 588 (2018).

Mathes contends that Counce did not have probable cause to believe that the scale was drug paraphernalia, because he did not conduct a field test of the residue to confirm that it was methamphetamine. A field test, however, is not required when the totality of the circumstances establish a fair probability or substantial chance that the substance is illicit. *See United States v. Cook*, 949 F.2d 289, 292-93 (10th Cir. 1991). When Counce discovered the scale, he had just learned that both Mathes and Ashburn had a history of drug arrests, that Ashburn was a probationer, and that Ashburn possessed methamphetamine on his person in the vehicle. Counce also had training and experience as a narcotics officer in identifying methamphetamine. These circumstances were enough to establish probable cause that the white powder on the scale was methamphetamine. With probable cause to believe that the white powder was contraband, it follows that the officer had probable cause to believe that the scale was drug paraphernalia used to weigh drugs for sale or use.

Mathes next argues that Counce lacked probable cause to believe that she knowingly possessed the scale and exercised dominion and control over it. Possession may be actual or constructive. "Constructive possession of drugs can be established either by [the suspect's] exercise of ownership, dominion, or control over the contraband itself or dominion over the premises in which the contraband is concealed." *United States v. Blakey*, 449 F.3d 866, 869 (8th Cir. 2006). Possession requires "knowledge of an object, the ability to control it, and the intent to do so." *United States v. Tenerelli*, 614 F.3d 764, 770 (8th Cir. 2010) (internal quotation omitted).

Mathes contends that Counce lacked probable cause that she was aware of the scale and drugs in the console. But Counce knew that Mathes had just driven the car to pick up Humes, and was riding in the front passenger seat at the time of the stop. The console was immediately adjacent to Mathes throughout the relevant episode, and she controlled the vehicle as driver for one segment of the trip. Counce also knew that Mathes had admitted a prior arrest for drugs, and that her traveling companion Ashburn—with whom she had been alone in the car before meeting Humes—was in possession of methamphetamine. These circumstances increased the likelihood that Mathes knew about drugs and drug paraphernalia in the console.

Probable cause "is not a high bar: It requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Kaley v. United States*, 571 U.S. 320, 338 (2014) (internal quotations and alterations omitted). Counce was not required to exclude all reasonable possibility that Mathes was ignorant of the scale; he needed only a fair probability that she knew what was in the console. The combination of Mathes's control over the vehicle, her proximity to the console, her history of an arrest for drugs, and her association with a back seat passenger who possessed drugs was sufficient to establish probable cause for an arrest.

In disputing the existence of probable cause, Mathes relies on a decision holding that evidence was insufficient to support a conviction for constructive possession of a firearm. *United States v. Ramos*, 852 F.3d 747, 754 (8th Cir. 2017). *Ramos* has little purchase here, because it considered only whether the government had satisfied the highest standard of proof known to the law—proof beyond a reasonable doubt. That decision, moreover, reversed a conviction based on the proposition that joint occupancy of an apartment is insufficient by itself to prove beyond a reasonable doubt that an occupant possesses everything in the apartment. *Id*. at 754-55. The circumstances here involved considerably more than joint occupancy of a residence. Mathes also cites *United States v. Dooley*, 580 F.3d 682 (8th Cir. 2009), but that decision concerned a flawed jury instruction directing that a defendant constructively possessed a firearm if he merely exercised control over a vehicle in which the gun was located. *Id*. at 686. The case did not address whether a particular set of facts was sufficient to prove knowing possession beyond a reasonable doubt, much less whether facts analogous to Mathes's were sufficient to clear the much lower threshold of probable cause.

The judgment of the district court is affirmed.

_____