# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2538

———————————————

United States of America

*Plaintiff - Appellee*

v.

William Stevenson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Southern

——————————

Submitted: March 21, 2023
Filed: May 3, 2023

——————————

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

——————————

BENTON, Circuit Judge.

Police observed William Stevenson leaving a hotel room just after they had secured a search warrant for the room. Within minutes, they detained and arrested him. They found methamphetamine on his person and more in the room. After the

district court[1] refused to suppress the drugs found on his person, a jury convicted Stevenson of conspiracy to distribute a controlled substance. **21 U.S.C. §§ 841(a)(1)**, **846**. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Investigating meth distribution in Sioux Falls, police stopped a car driven by a suspected drug seller. They found 9.5 pounds of meth, a loaded gun, cash, and cell phones. A passenger told police he had recently come from the Ramada Inn. In a room there, he saw two other men with pounds of meth and firearms.

At the Ramada Inn, Police Narcotics Detective Danijel Mihajlovic learned that room 214 had been rented by occupants of the car. He began surveilling those rooms while other officers sought search warrants. Detective Mihajlovic heard a man in room 214 and waited in the hallway.

A judge signed the warrant for the room and a related car. Ten minutes later, Stevenson left room 214, giving Detective Mihajlovic a "hard stare" while clutching the front of his waistband. The Detective thought he had a gun. Stevenson went to a gas station across the street.

When Stevenson returned to the hotel, officers apprehended him in the parking lot. They exited their cars, guns drawn at their sides, commanding him to get on the ground. Stevenson refused to comply. Drawing his taser, Detective Mihajlovic told Stevenson he would deploy it on the count of five. When Detective Mihajlovic got to five, Stevenson said "all right, all right," and turned toward the hotel as if to flee. The Detective tased him.

---

[1]The Honorable Karen E. Schrier, United States District Judge for the District of South Dakota, modifying and adopting the Report and Recommendation of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

Stevenson was handcuffed and searched. Officers found a wad of cash, a hotel key, and 16 grams of meth. They did not find a firearm. Officers then executed the search warrant of the hotel room and found additional meth.

Stevenson moved to suppress the evidence seized from his person, claiming that his detention and arrest were unlawful. *See* **U.S. Const. Amend. IV**. The district court, modifying and adopting a magistrate judge recommendation, denied the motion. It held Stevenson's detention a proper exercise of the search warrant's implicit authorization to detain occupants during a search. *See **Michigan v. Summers***, 452 U.S. 692 (1981); ***Bailey v. United States***, 568 U.S. 186 (2013); ***United States v. Freeman***, 964 F.3d 774 (8th Cir. 2020). The court alternatively held that the officers had reasonable suspicion to detain Stevenson under *Terry v. Ohio*, 392 U.S. 1 (1968), and probable cause to arrest him when he tried to flee.

A jury convicted Stevenson of conspiring to distribute meth.[2] He appeals denial of his motion to suppress, raising the same arguments as just outlined.

This court applies a mixed standard of review to the denial of a motion to suppress. ***United States v. Smith***, 820 F.3d 356, 359 (8th Cir. 2016). This court reviews the district court's factual findings for clear error and the denial of the suppression motion de novo. ***Id.***; ***United States v. Finley***, 56 F.4th 1159, 1164 (8th Cir. 2023). This court "may affirm the district court's denial of a motion to suppress on any ground supported by the record." ***United States v. Mays***, 993 F.3d 607, 614 (8th Cir. 2021) (quotation omitted).

---

[2]Stevenson's conviction for obstruction of justice by retaliating against a witness in pretrial detention is not relevant to this appeal. *See* **18 U.S.C. § 1513(b)(2)**.

II.

Stevenson argues that the officers lacked reasonable suspicion for an investigatory stop, also known as a *Terry* stop. Even if officers had reasonable suspicion, he says, their actions constituted an arrest, requiring probable cause.

A valid *Terry* stop requires "specific and articulable facts" supporting a reasonable conclusion that criminal activity is afoot. ***Terry***, 392 U.S. at 21, 30–31. *Accord **United States v. Johnson***, 31 F.4th 618, 622 (8th Cir. 2022), *citing **Illinois v. Wardlow***, 528 U.S. 119, 123 (2000). Officers may base a stop on information from other officers on their team. ***Id.*** A *Terry* stop becomes an arrest if officers use more force than reasonably necessary to facilitate the detention. ***Waters v. Madson***, 921 F.3d 725, 737 (8th Cir. 2019). Officers may, however, use force "reasonably necessary to protect their personal safety and to maintain the status quo during the course of the stop." ***United States v. Hensley***, 469 U.S. 221, 235 (1985).

This court's precedent establishes that the officers acted appropriately. *See **United States v. Navarrete-Barron***, 192 F.3d 786 (8th Cir. 1999). In *Navarrete-Barron*, this court held that officers had reasonable suspicion to detain a man leaving a motel room that officers believed contained drugs. ***Id.*** at 790–91. Officers had earlier discovered cocaine, cash, and a motel key during a traffic stop. The driver claimed that his friend, the car owner, was staying at the motel. ***Id.*** at 789. Police found defendant in the suspected motel room, but he left before a warrant could be secured. ***Id.*** Officers stopped the defendant's pickup, approached it with guns drawn, and handcuffed him while they searched his truck. ***Id.*** This court held that the officers had "reasonable and articulable suspicion" for a *Terry* stop because the earlier traffic stop, which uncovered cocaine and evidence of a co-conspirator at the motel, "provided enough evidence to support an inference that others were engaged in drug trafficking." ***Id.*** at 790–91.

Nearly identical evidence supported these officers' inference that Stevenson was engaged in drug trafficking. An earlier traffic stop uncovered significant

quantities of illegal drugs, evidence of drug distribution, and statements that an unidentified coconspirator was in room 214 of the Ramada Inn. Officers found Stevenson in room 214. These facts created "reasonable and articulable suspicion" sufficient for a *Terry* stop. *Id.* at 790.

Stevenson argues that officers exceeded the limits of a *Terry* stop by using unreasonable force to detain him. *See Waters*, 921 F.3d at 737. The officers engaged Stevenson with their guns drawn and then, after he refused to comply and tried to flee, subdued him with a taser.

"It is well established that officers may reasonably draw weapons during a *Terry* stop when the defendant is suspected of carrying a weapon." *Johnson*, 31 F.4th at 623. The officers believed that Stevenson's hotel room contained firearms, had seen him giving a hard stare and clutching his waistband, and suspected him of "engag[ing] in drug trafficking, which very often is accompanied by dangerous weapons." *Navarrete-Barron*, 192 F.3d at 791. Drawing guns before approaching Stevenson was reasonable.

Nor did officers err by deploying a taser because, by then, Stevenson's acts had provided probable cause for an arrest. The district court found that Stevenson's disobedience, shifty gaze, and pivot as if to run led the officers to reasonably believe he was about to flee. *See Finley*, 56 F.4th at 1165 ("We will reverse a finding of fact only if . . . the evidence as a whole leaves us with a definite and firm conviction that the finding is a mistake."). A suspect's flight can provide probable cause for an arrest, and deploying a taser is an appropriate way to effectuate such an arrest. *See Wardlow*, 528 U.S. at 119 (flight can create reasonable suspicion for an arrest); *McKenney v. Harrison*, 635 F.3d 354, 360 (8th Cir. 2011) (tasing a suspect was not an unreasonably forceful means to prevent flight and ensure a successful arrest).

The officers had reasonable suspicion to detain Stevenson and used reasonable force to detain him. When Stevenson's acts created probable cause for

an arrest, they used appropriate force to arrest him.  Their acts did not violate the Fourth Amendment.[3]  The district court properly denied the motion to suppress.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

---

[3]Because police lawfully apprehended and searched Stevenson under *Terry v. Ohio* and *Illinois v. Wardlow*, the parties' detention-incident-to-search-warrant arguments need not be addressed.  *See **Summers***, 452 U.S. 692; ***Bailey***, 568 U.S. 186; ***Freeman***, 964 F.3d 774.