# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2930

_____

United States of America

*Plaintiff - Appellee*

v.

Bryce Alexander Vittetoe

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: September 22, 2023
Filed: November 20, 2023

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

GRASZ, Circuit Judge.

Bryce Vittetoe pled guilty to possessing methamphetamine with intent to distribute and to unlawfully possessing a firearm as a felon. The district court[1]

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri, adopting the factual findings from the Report and Recommendation of the Honorable Willie J. Epps, Jr., United States Magistrate Judge for the Western District of Missouri.

denied Vittetoe's motion to suppress evidence found during a police search of a vehicle after concluding Vittetoe had no reasonable expectation of privacy in the reportedly stolen vehicle. Vittetoe appeals, arguing the district court erred in denying his motion to suppress. We affirm under the alternative rationale that the search was reasonable under the automobile exception.

## I.  Background

In 2020, Sergeant Aaron Hazelton of the Cole County Sheriff's Office conducted surveillance of Vittetoe at a storage unit in Jefferson City, Missouri. While operating in plain clothes, Sgt. Hazelton observed Vittetoe in possession of a White Toyota Scion at the storage unit. The car had been reported stolen according to the Jefferson City Police Department Dispatch Center ("Dispatch"). Sgt. Hazelton was familiar with Vittetoe from previous narcotics and other criminal investigations. Sgt. Hazelton called for backup. Corporal Kyle Petty, who was also aware of Vittetoe's past criminal history, soon arrived and observed Vittetoe exit the storage unit. Observing a large knife holstered on Vittetoe's hip, Cpl. Petty approached Vittetoe with his gun drawn, ordered Vittetoe to get on the ground, handcuffed Vittetoe, and read his *Miranda*[2] rights to him.

With Vittetoe handcuffed, Cpl. Petty then called Dispatch and confirmed what Sgt. Hazelton had told him: the Toyota Scion was reported stolen. At some point, Vittetoe asked Cpl. Petty what he had done wrong, and Cpl. Petty told Vittetoe the vehicle was reported stolen. In response, Vittetoe denied stealing the vehicle, claiming he had a bill of sale, which his mother could bring to Cpl. Petty. Vittetoe did not have any documents with him that could show he owned or had permission to use the vehicle. Cpl. Petty tried to confirm the Scion was stolen, but he could not contact the previous owner of the vehicle because she was incarcerated.

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

Cpl. Petty then uncuffed Vittetoe, telling Vittetoe he was free to leave, but the car needed to stay. Cpl. Petty searched the vehicle while Vittetoe voluntarily remained in the vicinity. Cpl. Petty quickly discovered the barrel of a rifle protruding from underneath a blanket in the backseat of the vehicle and ordered officers to again arrest Vittetoe. A further search of the vehicle revealed numerous firearms, including a shotgun, two rifles, a muzzle loader, a pistol, numerous rounds of ammunition, a large amount of methamphetamine, marijuana edibles, and prescription medications. Officers later executed a search warrant on Vittetoe's storage unit where they found additional contraband.

A federal grand jury indicted Vittetoe for unlawfully possessing a firearm as a felon and possessing methamphetamine with intent to distribute under 18 U.S.C. §§ 922(g)(1); 924(a)(2) and 21 U.S.C. § 841(a)(1), (b)(1)(A), respectively. Vittetoe moved to suppress the evidence police found in the Toyota Scion and the storage unit, challenging the constitutionality of the vehicle search. The magistrate judge recommended Vittetoe's motion to suppress be denied, determining the search was justified under the automobile exception to the warrant requirement because probable cause existed to believe the Toyota Scion was stolen when Cpl. Petty searched the vehicle. Vittetoe objected to the Report and Recommendation.

After independent review, the district court denied the motion to suppress. The district court judge adopted the magistrate judge's findings of fact but used a different legal analysis. The district court sua sponte held Vittetoe did not have standing under the Fourth Amendment to challenge the search of the Toyota Scion because he had no reasonable expectation of privacy in a stolen vehicle. Vittetoe then pled guilty to the charged offenses, but he reserved the right to challenge the district court's denial of his suppression motion. The district court sentenced Vittetoe to 151 months and 60 months of imprisonment on the drugs and weapons charges, respectively, to run concurrently. Vittetoe timely appealed.

## II. Analysis

Vittetoe argues the district court erred by denying his motion to suppress, insisting he had a reasonable expectation of privacy in the vehicle and no exceptions to the Fourth Amendment's warrant requirement applied. Thus, Vittetoe maintains that the search of the vehicle was unconstitutional, so any evidence found in the car and later search of the storage unit should have been suppressed.

We apply a mixed standard of review to the district court's ruling on a motion to suppress, reviewing factual findings for clear error and the denial itself de novo. *United States v. Stevenson*, 66 F.4th 1143, 1145 (8th Cir. 2023). We may affirm the denial of a motion to dismiss on any basis supported by the record. *See id.*

The Fourth Amendment of the Constitution secures persons against unreasonable searches and seizures. U.S. Const. amend. IV. Warrantless searches are per se unreasonable unless an exception to the warrant requirement applies. *United States v. Kennedy*, 427 F.3d 1136, 1140 (8th Cir. 2005). The automobile exception is one such exception. *Id.* at 1140. This exception exists "because a vehicle's 'ready mobility' creates an exigency and because individuals have a 'reduced expectation of privacy in an automobile, owing to its pervasive regulation.'" *United States v. Dunn*, 928 F.3d 688, 693 (8th Cir. 2019) (quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996)). The "'automobile exception' permits police to conduct a warrantless search of an automobile if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime." *Kennedy*, 427 F.3d at 1140–41.

Under this standard, probable cause exists, when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place. *United States v. Green*, 39 F.4th 510, 513 (8th Cir. 2022). The probable cause inquiry is an objective test. *Just v. City of St. Louis*, 7 F.4th 761, 767 (8th Cir. 2021).

The government bears the burden of demonstrating that the officers had probable cause at the time they searched the Toyota Scion. *See Kennedy*, 427 F.3d at 1141. We agree with the magistrate judge's original conclusion and the government's argument that the search was justified under the automobile exception: the officers had probable cause because the car was reported stolen to Dispatch and Vittetoe—who had a known criminal history—was unable to produce any documentation indicating he was the rightful owner. A reasonable officer in these circumstances would believe there was a fair probability that evidence of a crime, such as proof of rightful ownership, was in the car.

Vittetoe argues the officers lacked probable cause, as evidenced by Cpl. Petty releasing Vittetoe before searching the vehicle. According to Vittetoe, the release shows Cpl. Petty thought he lacked probable cause. Vittetoe's argument is unavailing for at least two reasons. First, Vittetoe wrongly equates the probable cause determinations for searching the vehicle and making an arrest because officers may have probable cause to search a vehicle, even if they do not make an arrest. *See Kennedy*, 427 F.3d at 1140–41 (explaining probable cause to search a car under the automobile exception only requires "a fair probability that contraband or evidence of a crime will be found in a particular place"). Second, Cpl. Petty's subjective beliefs as to whether he had probable cause to arrest Vittetoe are not dispositive because the test is *objective*. *See Just*, 7 F.4th at 767. Probable cause to search the vehicle did not evaporate when Cpl. Petty released Vittetoe the first time. Instead, we only look to whether Cpl. Petty had probable cause at the time he searched the vehicle. *Kennedy*, 427 F.3d at 1140. Considering the facts of this case, a reasonable officer would believe there was a fair probability that evidence of a crime would be found in the vehicle at the time of the search.[3]

Because the vehicle was reported stolen, officers could search it for evidence of it being stolen. *See United States v. Vore*, 743 F.3d 1175, 1179 (8th Cir. 2014).

---

[3]Having concluded the automobile exception justifies the warrantless search, we need not decide whether Vittetoe had a reasonable expectation of privacy in the reportedly stolen vehicle.

Likewise, officers may consider the known criminal history of a suspect in conducting the probable cause analysis. *See United States v. Mathes*, 58 F.4th 990, 994 (8th Cir. 2023). Therefore, the officers had probable cause to search the vehicle and the district court was ultimately justified in denying Vittetoe's motion to suppress. It follows that we will not exclude the evidence obtained from the storage unit because the warrant to search the unit was based on probable cause from the evidence obtained during the valid search of the car. *See United States v. Miller*, 11 F.4th 944, 954 (8th Cir. 2021) (applying the fruit-of-the-poisonous-tree doctrine requires an initial, *unlawful* search).

### III. Conclusion

We affirm the district court's denial of Vittetoe's motion to suppress.

_____